HOOPER, Chief Justice
(dissenting):
The United States Supreme Court held in Ornelas v. United States, - U.S. -, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), “that the ultimate questions of reasonable suspicion and probable cause to make a warrantless search should be reviewed de novo.” - U.S. at -, 116 S.Ct. at 1659. An officer is allowed to patdown a suspect in order to search for a weapon. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The officer in this case knew Houston Frank Ford, Jr., and had kept a written record of Ford’s criminal activity involving drugs. The officer received a telephone call from an unknown person who told the officer that Ford was selling crack cocaine at Ford’s trailer. On December 29, 1993, the informant telephoned again and stated that Ford had left Alexander City and had gone to Wetumpka to make a drug sale. The officer stopped Ford on his way back to Alexander City from Wetumpka.
The officer patted Ford down and discovered a bulge in Ford’s shirt pocket. The officer, seeing money and a paper towel in the pocket, requested Ford to remove them. Ford removed the money but then pushed the paper towel back in; he refused to take the paper towel out of his pocket, and the officer tried to remove it. During the struggle, the paper towel came out of the pocket.
“ ‘In dealing with probable cause, ... as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.’ ” Illinois v. Gates, 462 U.S. 213, 231, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983) (quoting Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949)). The bulge in Ford’s pocket could have been a weapon. It was only reasonable that the officer ask Ford to remove the contents of his pocket. Police officers must have the discretion necessary to protect themselves from harm. The officer’s life was potentially at stake. It is difficult for a police officer to confront a criminal suspect and determine with perfect assurance that the bulge in his pocket is not a weapon. “[0]ur cases have recognized that a police officer may draw inferences based on his own experience in deciding whether probable cause exists.” Ornelas, - U.S. at -, 116 S.Ct. at 1663. It is more reasonable to expect a police officer to err on the side of caution. “A trial judge views the facts of a particular case in light of the distinctive features and events of the community; likewise a police officer views the facts through the lens of his police experience and expertise. The background facts provide a context for the historical facts, and when seen together yield inferences that deserve deference.” - U.S. at -, 116 S.Ct. at 1663.
*953 The officer could have had a reasonable suspicion that Ford had a weapon. The officer also had probable cause to search Ford for drugs based on the officer’s knowledge of Ford’s history and on the telephone tip. This Court must be careful to not second-guess the judgment of police officers in situations posing potential threats to their lives. I would grant the State’s petition for certio-rari review.
MADDOX, J., concurs.